933 So.2d 878 (2006)
Juanita SMITH and Michael Pollard
v.
Ricardo VAZQUEZ, Jr. and State Farm Mutual Automobile Insurance Company.
No. 2005-CA-0619.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2006.
*879 Tamara Kluger Jacobson, New Orleans, LA and Robert G. Harvey, Sr., New Orleans, LA, for Plaintiffs/Appellees.
Mark E. Hanna, McCranie Sistrunk Anzelmo Hardy Maxwell & McDaniel, Metairie, LA, for Defendants/Appellants.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals the trial court judgment in favor of plaintiffs, Juanita Smith and Michael Pollard.[1]
*880 On July 29, 2001, a collision occurred at the intersection of Elysian Fields Avenue and Prentiss Street in New Orleans between vehicles driven by plaintiff, Juanita Smith, and defendant, Ricardo Vasquez, Jr. All parties agree that Elysian Fields Avenue is a four-lane street, with two lanes in each direction separated by a median, and a lane designated as a bus stop that is adjacent to the right curb. Prentiss Street is a two-lane street, with one lane in each direction separated by a median. Both drivers were traveling in the same direction on Elysian Fields, and both were attempting right hand turns onto Prentiss Street when the accident occurred.
Prior to her attempted right turn, Ms. Smith was stopped for a red light in the lane immediately to the left of the lane closest to the curb, which was designated as a bus stop. There was conflicting testimony on the issue of whether or not Ms. Smith had engaged her right turn signal. Ms. Smith claimed that she had her turn signal on; Mr. Vasquez and his passenger claimed she did not. Mr. Vasquez approached Ms. Smith's vehicle from behind, and then veered into the lane closest to the curb in order to accomplish a right turn onto Prentiss Street. As Mr. Vasquez's vehicle was on the right side of Ms. Smith's vehicle, both parties attempted to execute right hand turns onto Prentiss. This resulted in Mr. Vasquez's vehicle striking the right passenger side of Ms. Smith's vehicle.
Ms. Smith and her passenger, Michael Pollard, filed suit against Mr. Vasquez and his insurer, State Farm, claiming damages for injuries allegedly sustained in the accident. Following trial, the trial court rendered judgment in favor of plaintiffs and against State Farm. The court awarded Ms. Smith $5,500.00 in general damages and $1,847.00 in special damages, and awarded Mr. Pollard $5,000.00 in general damages and $1,757.00 in special damages, along with court costs and interest from date of judicial demand.
In its judgment, the court noted that both plaintiffs and Mr. Vasquez were traveling on Elysian Fields Avenue and were turning right onto Prentiss Street when the accident occurred, and that the plaintiffs were already stopped for the red light when Mr. Vasquez's vehicle approached them from behind. The court found that Ms. Smith was using her turn signal as she turned, and that Mr. Vasquez came from behind and turned from the "bus lane" striking plaintiffs' car. The trial court found that the accident occurred as a result of the negligence of Mr. Vasquez in making an improper turn by creating a third lane on a two lane street. Additionally, the court found that Mr. Vasquez attempted to overtake plaintiffs' vehicle in order to make the right turn in advance of plaintiffs.
State Farm appealed the trial court judgment. On appeal, State Farm first argues that the trial court erred in rendering judgment against it because its insured, Mr. Vasquez, was executing a right turn as close to the curb as possible in compliance with the laws of the City of New Orleans and the State of Louisiana. Therefore, State Farm argues that it should not be held liable for this accident.
State Farm argues that the trial court's judgment is contrary to this Court's decision in Winfield v. Dih, XXXX-XXXX (La. App. 4 Cir. 4/24/02), 816 So.2d 942. Specifically, State Farm points to this Court's acknowledgment in the Winfield case that both New Orleans Code § 154-436 and La. R.S. 32:101(a) require that right turns be made as close as practicable to the right-hand curb or the edge of the roadway. Defendants moved for an involuntary dismissal at the conclusion of trial relying on *881 the Winfield case, but the trial court denied the motion, noting that in Winfield the bus stop was in the middle of the block rather than at the corner as in the instant case.
Aside from the location of the bus stop in the middle of the block rather than on the corner, the facts of the Winfield case are very similar to that of the instant case. Both drivers in that case simultaneously attempted to make a right turn at an intersection in New Orleans. Mr. Winfield's car was in the lane immediately to the left of the lane marked "No Stopping" and that served as a bus stop, and Mr. Dih's vehicle was in the bus stop lane, which was the closest lane to the curb. The trial court found Mr. Dih 100% at fault in the accident, but this Court reversed in part and allocated 50% of fault for the accident to each driver.
This Court agreed with the trial court's finding that Mr. Dih was at fault for failing to maintain a proper lookout given the fact that Mr. Winfield had almost completed making his right turn when the collision occurred. However, this Court found that the trial court erred in finding fault on Mr. Dih's part for traveling on the shoulder/bus stop area before making his right turn. This holding was based on the fact that New Orleans Code § 154-875, entitled "Restricted use of a bus stop, livery and taxicab stands," restricts stopping, standing and parking in a bus stop but does not prohibit traveling in such an area for the purpose of making a turn. Id. at p. 12, 816 So.2d at 950. Therefore, this Court found that Mr. Dih complied with the only relevant ordinance in this situation, which is New Orleans Code § 154-436, requiring that a right turn be made from the lane as close as practicable to the curb. Id. at p. 13, 816 So.2d at 950. This Court assessed Mr. Dih's liability at 50% for failure to maintain a proper lookout. This Court found Mr. Winfield 50% at fault for failing to see what he should have seen, given that Mr. Dih's vehicle was to Mr. Winfield's immediate right as he was stopped at the red light waiting to make his turn. Id. at p. 13, 816 So.2d at 951.
In the instant case, all parties and witnesses agreed that prior to attempting a right turn, Mr. Vasquez was in the lane closest to the curb that was marked as a bus stop, and Ms. Smith was stopped at a red light in the lane immediately to the left of the lane in which Mr. Vasquez was traveling. Ms. Smith testified that her right turn signal was on, but Mr. Vasquez and his passenger disputed this. Mr. Vasquez stated that he had his right turn signal on, and his passenger corroborated this testimony. All witnesses agreed that Ms. Smith entered the turn ahead of Mr. Vasquez. Ms. Smith stated that Mr. Vasquez's vehicle was about 50% of the way alongside her vehicle at the time of impact, and Mr. Vasquez and his passenger stated that the Vasquez vehicle was about 75% of the way alongside the Smith vehicle at the time of impact. The impact occurred between the front of the Vasquez vehicle and the middle of the Smith vehicle's right side.
As noted above, the trial court found Mr. Vasquez 100% at fault for this accident for making an improper turn by creating a third lane on a two lane street and for attempting to overtake Ms. Smith's vehicle in order to make the right turn in advance of Ms. Smith. However, considering this Court's holding in Winfield v. Dih, XXXX-XXXX (La.App. 4 Cir. 4/24/02), 816 So.2d 942, we find that the trial court erred in finding that Mr. Vasquez made an improper turn by turning from the lane also used as a bus stop. By doing so, Mr. Vasquez was in compliance with New Orleans Code § 154-436, which requires that right turns be made from the lane as close *882 as practicable to the curb. As noted in the Winfield case, the section of the New Orleans Code dealing with bus stops does not prohibit a motorist from traveling in that area for the purpose of making a turn. The fact that the bus stop in the Winfield case was in the middle of the block and the bus stop in the instant case was on the corner is a distinction without a difference in our opinion.
Despite our conclusion that Mr. Vasquez did not make an improper turn by turning from the lane also used as a bus stop, he still bears some fault for this accident for failing to maintain a proper lookout given the fact that Ms. Smith's vehicle was ahead of his as they both attempted the right turn. Additionally, even though Mr. Vasquez and his passenger testified that Ms. Smith gave no indication that she was going to turn and started to go straight when the light turned green, we find no manifest error in the trial court's finding that Mr. Vasquez was attempting to overtake Ms. Smith's vehicle in order to make the right turn in front of Ms. Smith.
As for Ms. Smith, we find that the trial court erred in not assessing any fault for the accident to her. Ms. Smith failed to comply with New Orleans Code § 154-436, which requires that right turns be made from the lane as close as practicable to the curb. Because New Orleans Code § 154-875, dealing with bus stops, does not prevent traveling in a bus stop lane for the purpose of making a turn, Ms. Smith was at fault for not making her turn from that lane.
Our review of the testimony regarding both drivers' actions in this case leads us to conclude that they were equally responsible for this accident. Accordingly, we reverse the portion of the trial court judgment allocating all fault for this accident to Mr. Vasquez. We hereby allocate 50% fault to both Ms. Smith and Mr. Vasquez.
State Farm also argues that the trial court erred in finding that there was damage to Ms. Smith's vehicle caused by this accident, and even if there were such damage, it was so minimal that personal injury could not have been sustained. It argues further that plaintiffs did not bear their burden of proving by a preponderance of the evidence that there was a causal connection between the accident and their injuries.
We initially note that the trial court judgment does not mention property damage. At trial, Mr. Allen Wilkins, a State Farm damage estimator, gave his opinion that there was only very minor damage to the right side panel of Ms. Smith's vehicle that was caused by the accident.
Where medical experts and lay witnesses establish that a plaintiff sustained some injuries, the minimal force of the collision causing the injuries is of no material importance. Arceneaux v. Howard, 633 So.2d 207, 210 (La.App. 1 Cir.1993). Although Ms. Smith had a pre-existing condition of rheumatoid arthritis, she testified that she had an increase in pain in her neck, shoulders and upper back after the accident for which she sought treatment. Dr. Sofjan Lamid, a specialist in family medicine, testified by deposition and stated that he treated Ms. Smith following the accident and found that she had decreased range of motion in her neck secondary to pain, along with tenderness and mild spasm. She also complained of shoulder and upper back pain. His diagnosis was cervical and thoracic strain. Dr. Lamid prescribed medication for Ms. Smith and recommended the use of a soft cervical collar, exercise and hot packs.
*883 Mr. Pollard testified that he had pain in his upper left shoulder and upper back following the accident, and he sought treatment for that pain from Dr. Lamid. Dr. Lamid stated that Mr. Pollard had moderate restriction in his range of motion in his shoulders and had slight spasm. His diagnosis was shoulder strain and thoracic strain. He prescribed medication and recommended physical therapy.
In this case, evidence presented by plaintiffs and their treating physician, Dr. Lamid, established that plaintiffs suffered injuries that were causally related to the accident. In addition to testifying by deposition, Dr. Lamid also issued reports on both plaintiffs and certified that his opinion is that the accident at issue caused the injuries described by him in his reports. He also certified that the subsequent treatment rendered for those injuries was medically necessary. The trial court did not err in awarding damages to plaintiffs for injuries sustained in the accident.
For the above reasons, we affirm the trial court's judgment in favor of plaintiffs and against State Farm, but we reduce the awards to plaintiffs by 50% to recognize Ms. Smith's comparative fault in this accident. The parties are to bear their own costs.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.
NOTES
[1] Defendant, Ricardo Vasquez, Jr., State Farm's insured, also appealed, but the trial court judgment is cast only against State Farm.