CLARENCE E. McMANUS, Judge.
 

 | ..Plaintiff filed suit for injuries sustained when a car driven by Tyanta Roberts changed lanes and struck her vehicle. Named as defendants were Roberts and Kiantha Harris
 
 [1]
 
 , the owner of the car driven by Roberts, their automobile liability insurer Imperial Fire
 
 &
 
 Casualty, and plaintiffs uninsured/underinsured motorist carrier State Farm Mutual Insurance Company.
 

 At trial it was stipulated that Imperial would pay its policy limits of $10,000.00 to the plaintiff in exchange for a full release of her claims against Imperial and its insureds. Trial then proceeded against the remaining defendant, State Farm, on the issue of plaintiffs damages for plaintiffs injuries. After the trial on the merits, the court found in favor of plaintiff and awarded general damages of $27,000.00, past medical expenses totaling $4,778.25 and lost wages of $408.80.
 

 Plaintiff appeals, alleging that the trial court’s award of damages was inadequate. For the reasons that follow, we affirm the decision of the trial court.
 

 On April 25, 2007, plaintiff was proceeding in the center lane on Clearview Parkway in Jefferson Parish. A vehicle driven by Roberts changed lanes into the [.¡path of plaintiffs vehicle. The driver’s side rear wheel area of the Robert’s vehicle struck the passenger side front fender of plaintiffs vehicle. As a result, plaintiff suffered back injury and exacerbation of a preexisting back condition caused by a previous accident.
 

 In this appeal, plaintiff alleges as error the following: that the trial court abused its discretion in awarding only $27,000.00 in general damages for the disc bulge in the plaintiffs thoracic spine and the exacerbation of the plaintiffs pre-existing bulge in her lumbar spine; that the trial court abused its discretion in finding that the bulge in the plaintiffs thoracic spine was nothing more than a soft tissue injury; that the trial court abused its discretion in considering evidence relative to the impact of the vehicles involved in the collision; and that the trial court abused its discretion in giving the UM carrier credit for payments tendered under the medical payments coverage in her policy.
 

 STANDARD OF REVIEW
 

 In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-
 
 *922
 
 clearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. The reviewing court should affirm the district court where the district court judgment is not clearly wrong or manifestly erroneous. One of the basic tenets of the manifest error standard of review is that “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently.”
 

 Rando v. Anco Insulations Inc.,
 
 08-1163 (La.5/22/09), 16 So.3d 1065, 1087;
 
 Cenac v. Public Access Water Rights Ass’n,
 
 02-2660 (La.6/27/03), 851 So.2d 1006, 1023.
 

 The Louisiana Supreme Court has set a strong pronouncement of the scope of review of an award of damages, which we cite here:
 

 |4It is well-settled that a judge or jury is given great discretion in its assessment of quantum, both general and special damages. Louisiana Civil Code article 2324.1 provides: “In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” Furthermore, the assessment of quantum, or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review.
 
 Wainwright v. Fontenot,
 
 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74. This Court has noted: [T]he reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
 

 Perkins v. Entergy Corp.,
 
 00-1372 (La.3/23/01), 782 So.2d 606,
 
 reh’g denied,
 
 4/27/01 (quoting
 
 Canter v. Koehring,
 
 283 So.2d 716, 724 (La.1973))
 
 (superseded by statute on other
 
 grounds).
 

 Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an award on review.
 
 Youn v. Maritime Overseas Corp., et al.,
 
 623 So.2d 1257, 1261 (La.1993),
 
 reh’g denied,
 
 10/7/93.
 

 The role of an appellate court in reviewing a general damages award, one which may not be fixed with pecuniary exactitude, is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. This court has long held true to the following principle:
 

 [bjefore a Court
 
 of
 
 Appeal can disturb an award made by a [factfinder,] the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.
 
 *923
 

 Wainwright,
 
 00-0492, p. 6, 774 So.2d at 74 (quoting
 
 Coco v. Winston Indus., Inc.,
 
 841 So.2d 332, 334 (La.1977) (internal citations omitted)). See also
 
 Miller v. Lammico,
 
 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (stating that an appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion and citing
 
 Theriot v. Allstate Ins. Co.,
 
 625 So.2d 1337, 1340 (La.1993));
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257, 1261 (La.1993);
 
 Reck v. Stevens,
 
 373 So.2d 498, 501 (La.1979).
 

 Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 
 (citing
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330, 1333 (La.1978) and
 
 Watson v. State Farm Fire & Casualty Ins. Co.,
 
 469 So.2d 967 (La.1985)). Moreover, on review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently.
 
 Perkins,
 
 782 So.2d at 612 (citing
 
 Ambrose v. New Orleans Police Department Ambulance Service,
 
 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221). Reasonable persons frequently disagree about the measure of damages in a particular case. “It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.”
 
 Youn,
 
 623 So.2d at 1261.
 

 Guillory v. Lee,
 
 09-0075 (La.6/26/09), 16 So.3d 1104, 1116-7.
 

 With these guidelines in mind, we review the trial court’s findings of fact and award of damages.
 

 Plaintiff first alleges that the trial court abused its discretion in awarding only $27,000.00 in general damages for the disc bulge in the plaintiffs thoracic spine and the exacerbation of the plaintiffs preexisting bulge in her lumbar spine, and further that the trial court abused its discretion in finding that the bulge in the plaintiffs thoracic spine was nothing more than a soft tissue injury.
 

 At trial, plaintiff testified that she received some injuries as a result of the accident. She stated that she started experiencing pain in the evening of the date of the accident. She felt pain in her upper back and shoulders, and in her lower back and legs, especially her left leg. Plaintiff testified that after the accident, she went to work and completed her regular work day. She did not seek emergency room treatment.
 

 | fiPlaintiff initially sought medical treatment from Dr. John McCain on May 3, 2007.00, who sent her for an MRI. She returned on May 21st, at which time Dr. McCain recommended a second MRI. She next went to Dr. McCain on May 29 with the same complaints, and was given an epidural steroid injection. She then became pregnant and did not return to Dr. McCain until after her child was born on May 14, 2008. During her pregnancy, she continued to experience pain, for which she took Tylenol. Plaintiff returned to Dr. McCain on July 1, 2008, with complaints of low back pain, mid to upper back pain, and numbness in her legs. She was given an
 
 *924
 
 epidural steroid injection
 
 [2]
 
 . Plaintiff stated that at the time of trial she was still seeing Dr. McCain for treatment.
 

 Plaintiff admitted that she had been involved in a previous collision in February of 2004 and as a result she suffered disc bulges at L4-L5 and L5-S1. Up until six months before the instant accident, she was receiving treatment from Dr. McCain for those injuries. The treatment for her back injuries was the same as those before the current accident. She stated that pri- or to the instant accident she did not have any numbness in her left leg, but admitted that she had numbness in her right leg.
 

 After the present accident, she had injury to her thoracic spine and an aggravation of her previous lumbar injury. She further had numbness in her left leg that would cause her to fall.
 

 Dr. McCain was stipulated an expert in the field of physical medicine. He stated that he had treated plaintiff for both her prior injuries and the injuries from the most recent accident (the subject of this suit). He testified that she continued to have complaints, which would last the rest of her life, but which would not prevent her from her daily living activities. He stated that after the accident the plaintiff |7returned for treatment with new complaints of pain the mid thoracic region and renewed pain in the lumbar region, for which she had been taking over the counter medications. After his examination, he diagnosed thoracic strain and exacerbation of lower back and lower extremity and radicular complaints. He recommended the MRI and X-rays, and continuing over the counter medication. He reviewed the MRI film and found that plaintiff had an increased disc protrusion at L4-L5, and degenerative disc with protrusion at T9-T10. He further noted central canal sten-osis and bilateral foraminal encroachment which could cause pinched nerves, resulting in pain. He prescribed Ultram for pain and suggested the second MRI. On her next visit of May 29, 2007, he viewed the second MRI and confirmed the disc degeneration at the thoracic spine. Treatment options were discussed and he gave her an epidural steroid injection.
 

 Plaintiff did not return until July, 2008, and reported that she had a child six weeks prior. On that date, her complaints were of lower back pain and infrequent, intermittent numbness of the lower legs. An epidural was administered and she was given a prescription for Darvocet.
 

 Dr. McCain stated that in his opinion, based on the history, physical examination and imagings, it was probable that the accident caused the protrusion at the T9-T10 segment, and aggravated the pre-ex-isting condition at the L4-L5 segment of the lumbar spine. He rated her a 10% disability and opined that she would need future conservative treatment. He finally stated that he would instruct her to be aware when stooping, standing, lifting and sitting, but that he would not impose restrictions.
 

 On cross examination, Dr. McCain admitted that he could not tell whether the increase in the bulge at L4-L5, L5-S-1 was due to trauma or natural ^progression. With the exception of the complaints of pain in her upper back, her complaints were the same as they had been prior to the accident.
 

 After trial on the merits, the court found that the court further found that plaintiff suffered an exacerbation of the lumbar spine injury that she had original!y received in a prior accident in 2004, and that she returned to her pre-accident (2007 accident) condition by July 1, 2008. The
 
 *925
 
 court also found that plaintiff suffered a soft tissue injury to her thoracic spine in the 2007 accident, which had resolved by the July 1st visit or shortly thereafter.
 

 We have reviewed the entire record and cannot find that the trial court committed manifest error or abused its discretion in finding that plaintiff suffered a soft tissue injury and exacerbation of a previous condition and that her condition had resolved itself by July of 2008. We furthermore cannot find that the trial court committed error in awarding damages of $27,000.00.
 

 Plaintiff next contends that the trial court abused its discretion in considering evidence relative to the impact of the vehicles involved in the collision. In this allegation, plaintiff takes issue with the trial court’s factual statement that “the impact between the vehicles was light, the damage to the Savage (plaintiffs) vehicle was relatively minimal, and the damage to the Kia Sorrento (defendant’s vehicle) was barely noticeable” which was included in the court’s reasons for judgment. In support of her argument that the trial court erred in considering the nature of the impact, plaintiff notes the case law that provides that “Where medical experts and lay witnesses establish that a plaintiff sustained some injuries, the minimal force of the collision causing the injuries is of no material importance.”
 
 Smith v. Vazquez,
 
 05-619 (La.App. 4 Cir. 5/31/06), 933 So.2d 878, 882 and
 
 Arceneaux v. Howard,
 
 633 So.2d 207, 210 (La.App. 1 Cir.1993).
 

 |9We note, however, that while the trial court stated the evidence considered in the recitation of facts in its reasons for judgment, there is nothing to show that the trial court used this fact in determining the extent of plaintiffs injury. To the contrary, the judgment shows that the trial court’s finding of facts were based on the testimony of plaintiff and her treating physician (the only witness other than plaintiff). We have already concluded that the trial court’s findings of the extent of plaintiffs injuries are not manifestly erroneous or an abuse of discretion. Accordingly, we find this allegation of error to be without merit.
 

 Finally, plaintiff argues that the trial court abused its discretion in giving the UM carrier credit for payments tendered under the medical payments coverage in her policy. Plaintiff presents this allegation of error in an abundance of caution in the event that this court would increase the general damage award, citing
 
 Sutton v. Oncale,
 
 99-967 (La.App. 5 Cir. 3/29/00), 765 So.2d 1072. In
 
 Sutton,
 
 this Court said that “where a plaintiffs total damages do not exceed the UM/UIM policy limits, and the language of the policy allows such, the UM/UIM carrier is entitled to a credit for any amount which it has paid the plaintiff under the medical payments coverage.” At page 1077. Plaintiffs UM/UIM policy had limits of $50,000 per person and $100,000 per collision. Because we find that the trial court did not abuse its vast discretion in awarding general damages of $27,000.00, and therefore plaintiffs damages did not exceed the policy limits, the trial court did not err in finding that State Farm was entitled to a credit for payments made under the medical payments coverage provision of plaintiffs policy.
 

 For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff/appellant.
 

 AFFIRMED.
 

 [1]
 

 . Roberts and Harris were not served with the petition and did not participate in the trial.
 

 [2]
 

 . Plaintiff next saw Dr. McCain on April 21, 2009.