LILJEBERG, J.
*561 Defendants, Crescent Foundations, L.L.C. and Paul C. Austin, appeal the trial court's April 16, 2018 Judgment, which found defendants jointly and solidarily liable to plaintiff, Daniel J. Bernal, Jr., for damages totaling $ 43,000.00, plus judicial interest from the date of judicial demand and costs. On appeal, defendants raise the following assignments of error: 1) the trial court erred and abused its discretion by proceeding to trial without defendants because the parties reached a settlement prior to trial; 2) the trial court erred in awarding damages resulting from alleged fraudulent criminal charges defendants reported against plaintiff because the allegations were not included in plaintiff's petition and are not supported by the evidence; 3) the damages awarded for the replacement of plaintiff's tools and trailer were excessive; and 4) the trial court erred by trying this matter prior to resolving pending dilatory and peremptory exceptions filed by defendants.
For the reasons stated more fully below, we affirm the trial court's judgment.
FACTS AND PROCEDURAL BACKGROUND
On May 18, 2015, plaintiff filed a petition for damages against defendants seeking to recover damages for tools and a trailer he owned, because defendants refused to allow him to retrieve these items from their business premises. Plaintiff alleged that he used the tools and trailer to perform his duties as a diesel mechanic for Crescent until he sustained a work-related injury on March 18, 2015. Plaintiff first attempted to retrieve his property on April 17, 2015. Plaintiff contends he obtained permission to enter the premises from Crescent's project manager, Andrew. Plaintiff noticed the trailer was damaged and Andrew told him this occurred when Crescent employees attempted to load equipment onto the trailer which exceeded the trailer's weight limit.
Plaintiff then began loading his tools into his truck when Crescent's manager/owner, Paul C. Austin, arrived and threatened to have plaintiff arrested for theft and trespassing unless he removed the tools from his truck. Plaintiff alleged that Austin also verbally threatened him for retaining an attorney and filing a workers' compensation claim against Crescent due to his work-related injury. Plaintiff unloaded his truck and left without his tools and trailer. Plaintiff alleged that he made subsequent requests to retrieve his personal property, which Austin refused. Austin also threatened to have plaintiff arrested for theft and trespassing if he attempted to retrieve his belongings again.
Defendants filed exceptions and an answer in response to plaintiff's petition for damages. Austin, individually, filed a dilatory exception of vagueness or ambiguity of the petition alleging that, while the petition stated Crescent was vicariously liable for plaintiff's damages, the petition failed to "affirmatively state Defendant Austin is liable for the damages therein alleged." Austin alleged that due to plaintiff's failure to include this specific language in the petition, he could not determine whether plaintiff sought to hold him personally liable.[1] Austin and Crescent also raised exceptions arguing the petition was vague and ambiguous because it contained open-ended allegations that Crescent is liable for "[a]ny and all other acts of negligence which will be shown at the trial hereof" and sought damages including "[a]ny and *562 all other relief deemed appropriate under the premises of the case as presented at trial hereof." Defendants asked the trial court to strike these allegations as impermissibly vague.
Both defendants also raised exceptions of no right and no cause of action in response to plaintiff's request for punitive damages and attorney's fees in his concluding prayer for relief. Defendants argued that such relief was not warranted based on the factual allegations contained in plaintiff's petition. The trial court set the exceptions for hearing on September 8, 2015. The minute entry from that date states the exceptions were continued without date by agreement of the parties. Defendants did not move to reset the exceptions for hearing.
On May 15, 2017, plaintiff moved to set the matter for trial. In response, the trial court set a pre-trial conference on July 13, 2017, and ordered the parties to submit a pre-trial order prior to the conference. Plaintiff was the only party to submit a pre-trial order. In his filing, he explained that after he filed his petition, defendants allowed him to retrieve his property on November 15, 2015. He stated that when he went to Crescent's premises, he learned that Austin "cut up the Plaintiff's damaged trailer for scrap and disposed of it." He further alleged that most of his tools were damaged and unusable because they were left outside, unprotected and exposed to the weather. Plaintiff also alleged that Austin followed through on his prior threats and pursued criminal charges against him for fraud and theft in August 2015. Plaintiff stated that he was arrested and held in jail for 24 hours. He alleged that he incurred attorney's fees and missed time for work due to the baseless criminal charges.
Following the pre-trial conference, the trial court issued an order setting trial on April 9, 2018 at 9:00 a.m., and further ordered that the evidence at trial would be limited to the witnesses and exhibits listed by the parties in the pre-trial order.
On the morning of April 9, 2018, plaintiff's counsel appeared for trial. At the beginning of the transcript from these proceedings, the trial court noted it was 10:14 a.m. and that neither defendants nor their counsel appeared for trial at 9:00 a.m. The trial court further noted that numerous attempts were made to contact defense counsel.
Plaintiff's counsel informed the court that he spoke with an assistant in defense counsel's office, who indicated counsel was unavailable due to another court proceeding in Baton Rouge. The assistant also stated that defense counsel claimed he told plaintiff's counsel he was not going to appear on the morning of trial. Plaintiff's counsel responded that this was the "first I'd heard of it," and further represented that he told defense counsel the parties would all appear on the morning of trial to sign a consent judgment. Plaintiff's counsel explained that several days prior to trial, the parties reached an agreement on a settlement amount of $ 17,500.00, but did not reach an agreement on the date defendants would pay the settlement to plaintiff. Plaintiff's counsel further explained that he suggested defendants pay the settlement amount by April 13, 2018, and was willing to allow additional time. However, he never heard from defense counsel regarding his agreement to the date when defendants would pay the settlement amount. Plaintiff's counsel also emphasized that any settlement was conditioned on the parties appearing in court on the morning of trial to sign a consent judgment. The trial court determined the parties had not confected a settlement agreement and instructed plaintiff's counsel to proceed with the trial. The trial court noted again during *563 the trial at precisely 11:51 a.m., that defense counsel had not yet responded to messages the court left with his office.
After hearing testimony and reviewing documents entered into evidence, the trial court entered judgment in favor of plaintiff and against defendants finding them jointly and solidarily liable for the following damages:
1) $ 24,000.00 for the replacement value of plaintiff's tools;
2) $ 6,500.00 for the value of plaintiff's trailer destroyed by defendants;
3) $ 2,500.00 for the reimbursement of attorney's fees incurred by plaintiff as a result of the fraudulent criminal charges defendants pursued; and
4) $ 10,000.00 for the two days of incarceration sustained by plaintiff as a result of the fraudulent criminal charges defendants pursued.
The trial court entered a written judgment on April 16, 2018. Defendants filed a motion for suspensive appeal, which the trial court granted on June 6, 2018, and set an appeal bond in the amount of $ 48,060.43. This Court converted defendants' appeal to a devolutive appeal after plaintiff filed a motion to convert based on defendants' failure to post the suspensive appeal bond ordered by the trial court.
DISCUSSION
No Evidence of Settlement Agreement
In their first assignment of error, defendants argue the trial court erred and abused its discretion by finding the parties did not reach a settlement agreement prior to trial and by proceeding to trial without defendants or defense counsel. The record does not contain evidence of a writing that would constitute a settlement agreement between the parties. We, therefore, find the trial court did not abuse its discretion by proceeding with the trial.
Defendants argue their counsel was in communication with plaintiff's counsel and the trial court on the morning of trial. They contend he had multiple scheduling conflicts that morning as another attorney in his office had a family medical emergency. Defense counsel claims he provided the trial court with information regarding the other court proceedings he attended that morning. However, the record does not contain this information. Defendants further contend the trial court was aware the parties agreed to settle the matter for $ 17,500.00, with payment due from defendants on April 13, 2018. Defense counsel states that he believed the trial would not proceed and that plaintiff's counsel would submit a proposed consent judgment to the trial court for its signature.
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072.
The record before this Court does not contain any evidence that the parties entered into a settlement or compromise in writing. Defendants did not introduce any evidence into the record explaining why defendants and their counsel failed to appear in court for trial. While plaintiff's counsel disclosed that the parties agreed to settle the matter for $ 17,500.00, he indicated they did not agree to a date on which defendants would pay the settlement and any settlement was conditioned on the parties appearing in court to sign a consent judgment. Based on the foregoing, we do not find the trial court abused its discretion by finding a written settlement *564 agreement did not exist between the parties and by proceeding with trial.
Fraudulent Theft Charges - Evidence Supports Malicious Prosecution Claim
In their second assignment of error, defendants contend the trial court erred and abused its discretion by awarding plaintiff damages as a result of alleged fraudulent theft charges defendants reported against plaintiff. The damages awarded by the trial court included $ 10,000.00 for two days of incarceration and $ 2,500.00 for attorney's fees incurred to defend against the theft charges. Defendants ask this Court to overturn this award on three separate grounds - 1) plaintiff cannot recover because he did not include any facts supporting his claim in his petition for damages; 2) the claim arising from the alleged fraudulent theft charges is prescribed; and 3) the evidence does not support plaintiff's claim. We find these grounds are without merit and affirm the trial court's award.
Though plaintiff and the trial court did not specifically identify the cause of action upon which the trial court awarded damages for the alleged fraudulent theft charges, it is apparent from the parties' briefing and argument that plaintiff sought recovery pursuant to a cause of action for malicious prosecution. With respect to defendants' first argument, we do not find that plaintiff's malicious prosecution claim is precluded merely because he did not formally add the facts supporting this claim to his petition. The arrests occurred after plaintiff filed his original petition and plaintiff first provided notice of his intent to pursue a claim arising from the theft charges in his pre-trial order. While a pre-trial order is not equivalent to a petition, we find the evidence introduced by plaintiff at trial expanded the pleadings.
La. C.C.P. art. 862 provides that except in the case of a final default judgment entered pursuant to La. C.C.P. art. 1703, "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." La. C.C.P. art. 1154 further provides that pleadings are expanded when evidence on issues not raised in a pleading are presented at trial without objection. Carollo v. Shoney's Big Boy Enterprises , 433 So.2d 803, 807 (La. App. 5th Cir. 1983), writ denied , 441 So.2d 213 (La. 1983) ; see also Official Revision Comment (b) to La. C.C.P. art. 1154.
Plaintiff provided notice of his intent to pursue a claim arising from the theft charges in his pre-trial order. Defendants failed to appear at trial and failed to object to the evidence relating to the malicious prosecution claim arising from theft charges brought against plaintiff. This evidence expanded the pleadings and therefore, pursuant to La. C.C.P. art. 862, the trial court did not err or abuse its discretion by awarding damages even though plaintiff never amended or supplemented his petition to add the malicious prosecution claim.
Defendants next argue, for the first time in their appellate brief, that the claim arising from the theft charges is prescribed. La. C.C.P. art. 2163 permits an appellate court to consider a peremptory exception of prescription filed for the first time on appeal. However, the peremptory exception must be raised in a formal pleading and is not properly raised in oral arguments or by appellate brief. See Cosse v. Orihuela , 12-456 (La. App. 5 Cir. 1/30/13), 109 So.3d 950, 953, writ denied , 13-680 (La. 4/26/13), 112 So.3d 850 ; Robertson Roofing & Siding v. Greenberg , 96-107 (La. App. 5 Cir. 5/28/96), 693 So.2d 158, 159, writs denied , 96-2011 (La. 11/8/96), 683 So.2d 270 and *565 96-2018 (La. 11/8/96), 683 So.2d 271. Accordingly, we will not consider defendants' argument regarding prescription raised for the first time in their appellate brief.
Defendants finally argue the evidence does not support the damages awarded for the malicious prosecution claims arising from the alleged fraudulent theft charges. The elements to prove a claim for malicious prosecution are as follows: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to plaintiff. McClanahan v. McClanahan , 09-182 c/w 09-426 (La. App. 5 Cir. 10/13/09), 27 So.3d 862, 864, writ denied , 09-2455 (La. 1/29/10), 25 So.3d 833.
The trial court's factual findings and credibility determinations are entitled to great weight and will not be disturbed on appeal absent manifest error. Stead v. Swanner , 12-727 (La. App. 5 Cir. 5/16/13), 119 So.3d 110, 117, writ denied , 13-1285 (La. 9/20/13), 123 So.3d 174. When findings of fact are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings. Id.
The following is a summary of plaintiff's testimony relating to his malicious prosecution claim. Plaintiff testified that Austin was upset plaintiff filed a workers' compensation claim against Crescent and threatened to pursue criminal charges against him for trespass and theft when plaintiff tried to retrieve tools and a trailer he owned. Plaintiff explained that Austin followed through on these threats by reporting to police that plaintiff stole a fuel tank and motor. Plaintiff explained these charges were baseless because plaintiff used his personal vehicle while he was working for Crescent and Austin personally placed the fuel tank in the back of plaintiff's truck so he could transport fuel to machinery used by Crescent on job sites. Plaintiff testified that defendants did not inform him that his employment was terminated prior to the time he was arrested for possessing the fuel tank.
With respect to the motor plaintiff allegedly stole, plaintiff testified that Austin told him to determine if the motor could be rebuilt and if it could not, Austin said "he didn't want anything to do with it." Plaintiff testified that he brought the engine for testing as instructed and the engine "tested no good, so it was scrap" and "had no value."
As a result of Austin's police report, plaintiff was arrested for two felony theft charges and was in jail for two days. Plaintiff argues that Austin reported the alleged theft of the tank and motor as a retaliatory action for the workers' compensation claim he filed against Crescent. Plaintiff testified that he voluntarily returned the motor and tank when he went to retrieve his tools from Crescent in November 2015. Plaintiff also explained that he was only able to retrieve a small box of items, most of which were not his tools. Plaintiff explained that the criminal charges were dismissed, but he had to retain and pay a lawyer $ 2,500.00.
Defendants contend that the evidence does not exist to support the claim arising from the alleged fraudulent theft charges. We disagree. The first two elements of the malicious prosecution claim - commencement of criminal proceeding and legal causation by defendant - are satisfied by plaintiff's testimony that Austin filed a police report against him regarding the *566 alleged stolen motor and fuel tank and as a result, police arrested plaintiff for two felony theft charges.
With respect to the third element - a bone fide termination in favor of plaintiff - the testimony from the plaintiff indicated that the theft charges were dismissed. In their brief, defendants argue the charges were not fraudulent because plaintiff admitted that he returned the fuel tank and motor to defendants. However, plaintiff explained that he voluntarily returned the motor and fuel tank to Crescent when he was finally allowed to retrieve a small box of his property from Crescent's premises. We review the trial court's factual and credibility findings for manifest error and therefore, cannot find that evidence does not exist to support this element of the malicious prosecution claim.
The fourth element requires an absence of probable cause. Plaintiff explained the charges are baseless because Austin placed the fuel tank on plaintiff's personal truck so he could refuel Crescent's equipment in the field. After plaintiff was injured, Crescent failed to inform him that he was no longer employed before reporting the alleged theft. Furthermore, the scrap metal was a motor that Austin told plaintiff he did not want. Plaintiff testified that he brought the motor to be tested as instructed by Austin and was told that it could not be rebuilt. Austin told plaintiff that he did not want anything to do with the motor if it could not be rebuilt. Consequently, the trial court was not manifestly erroneous in determining an absence of probable cause.
The fifth and sixth elements require evidence of malice by defendants and damages to the plaintiff, respectively. We find evidence of malice exists based on plaintiff's testimony that Austin reacted violently to plaintiff's filing of the workers' compensation claim against Crescent, made threats to have plaintiff arrested and followed through on those threats by filing a report with the police alleging theft of the fuel tank and motor. Finally, evidence of damages exist based on plaintiff's testimony explaining that he spent two days in jail and incurred attorney's fees in the amount of $ 2,500.00 due to his arrest for the theft charges.
Based on the foregoing, we cannot find that the trial court was manifestly erroneous by finding plaintiff proved a claim for malicious prosecution.
Damages Awarded for Tools and Trailer Are Not Excessive
In their third assignment of error, defendants complain the amounts the trial court awarded plaintiff to replace the trailer defendants destroyed ($ 6,500.00) and to replace plaintiff's tools ($ 24,000.00) are excessive. We find the award does not constitute an abuse of the trial court's discretion.
The trier of fact is accorded great discretion in its assessment of quantum for both general and special damages. Savage v. State Farm Mut. Ins. Co. , 09-852 (La. App. 5 Cir. 2/9/10), 33 So.3d 919, 922. A plaintiff is required to prove special damages by a preponderance of the evidence and the findings of the trier of fact are subject to the manifest error standard of review. Williams v. Walgreen La. Co. , 14-716 (La. App. 5 Cir. 2/25/15), 168 So.3d 812, 824, writ denied , 15-610, 15-613 (La. 6/1/15), 171 So.3d 262.
As discussed above, plaintiff worked as a heavy equipment mechanic for Crescent, used his own tools to perform his job and stored the tools on Crescent's business premises. Defendants complain the trial court erroneously based the $ 24,000.00 award on the costs of purchasing new tools and further plaintiff did not present evidence regarding the depreciated *567 value and age of the tools. Defendants also argue the trial court awarded an excessive amount for the trailer because the value listed on the registration was $ 3,000.00, and the registration indicated the purchase date was after plaintiff quit working for Crescent.
At trial, plaintiff explained that defendants repeatedly prohibited him from retrieving the tools he owned and used to work as a mechanic. At trial, plaintiff introduced photos of the equipment he loaded into his truck the first time he attempted to retrieve his tools without success. Plaintiff indicated the pictures included only half of his tools, because the other half were missing from Crescent's premises. Once he was able to gain access to Crescent's premises, plaintiff only recovered one small box of items.
Plaintiff testified that he replaced virtually all of his tools in order to continue to work. He testified that the replacement value of the new tools he purchased cost almost $ 100,000.00. Plaintiff financed the replacement tools and at the time of the trial, he still owed $ 37,500.00 on the loan. He further testified that prior to trial, he made three years of payments on the loan in the amount $ 240.00 per week.[2] He also explained that he purchased two rolling carts at $ 1,000.00 a piece and a big tool box for $ 10,000.00. Plaintiff contends that considering these amounts, the trial court clearly took into consideration that the tools plaintiff lost were used and only awarded plaintiff a reduced amount of $ 24,000.00 to replace the tools he never recovered from defendants.
Regarding his trailer, plaintiff testified that he purchased the trailer for $ 5,000.00 and spent another $ 1,500.00 in steel to have a welder make the bed entirely of steel instead of wood. This amount did not include the cost of the labor to repair the trailer. Plaintiff explained he purchased the trailer prior to January 2015, but did not apply for a new registration until a later date. Crescent employee, Mark Helmrich, testified that plaintiff stored a trailer on Crescent's business premises, and Austin crushed the trailer by rolling over it with a front end loader. Plaintiff also testified that Austin admitted to "cutting the trailer up" and scrapping it.
Based on the evidence outlined above, we do not find the trial court's awards for the lost tools and trailer were manifestly erroneous. The evidence indicates that plaintiff spent well in excess of $ 24,000.00 to replace his tools and equipment. Furthermore, plaintiff's testimony supports the award of $ 6,500.00 for the trailer.
Defendants' Exceptions are Waived
In their final assignment of error, defendants complain the trial court erred by proceeding to trial without ruling on their dilatory exceptions of vagueness and ambiguity and peremptory exceptions of no right and no cause of action. Defendants do not argue the merits of these exceptions, but rather argue this Court should vacate the April 16, 2018 Judgment and remand this matter to the trial court for consideration of the exceptions.
In response, plaintiff argues that defendants waived these exceptions, because they continued the initial hearing without date and did not request another hearing prior to the trial held almost three years later. Plaintiff also argues, in the event the trial court should have considered the exceptions, the error was harmless because plaintiff did not recover punitive damages or attorney's fees incurred to *568 pursue the current litigation.[3] We agree that defendants waived these exceptions due to their failure to request a ruling prior to trial and their failure to properly raise the merits of the peremptory exceptions with this Court.
La. C.C.P. art. 929(A) states that declinatory, dilatory and peremptory exceptions when pleaded before or in the answer shall be tried and decided in advance of the trial of the case. An exception of vagueness or ambiguity is a dilatory exception that serves merely to retard the progress of the action, not defeat it. La. C.C.P. art. 923. Louisiana courts interpreting La. C.C.P. art. 929(A) have held that a defendant's failure to insist upon a hearing and ruling on a dilatory exception, or to object to going forward on the day of trial, is deemed a waiver of the exception. In Re Succession of Adams , 51,914 (La. App. 2 Cir. 4/11/18), 247 So.3d 1014 ; Sims v. BFI Waste Services, L.L.C. , 06-1319 (La. App. 1 Cir. 5/16/07), 964 So.2d 998. Based on the foregoing, we find defendants' waived their exceptions of vagueness and ambiguity of the petition due to their failure to demand a hearing prior to trial.
This Court has also considered peremptory exceptions of no cause and no right of action to be abandoned when they are not ruled on prior to trial. See Drew Dev. Co. v. Hibernia Nat'l Bank , 442 So.2d 1229, 1230-31 (La. App. 5th Cir. 1983), writ denied , 445 So.2d 449 (La. 1984). In Leblanc v. Breaux , 00-897 (La. App. 5 Cir. 12/13/00), 777 So.2d 532, 540-41, this Court noted the record contained unresolved exceptions of no cause of action and found that "since the parties failed to urge that the peremptory exceptions of no cause of action be heard or judgment rendered and have not argued the exceptions on appeal, we conclude that the parties have waived or abandoned these exceptions."
As noted above, defendants did not reurge their peremptory exceptions of no cause or no right of action prior to trial and do not attempt to argue the merits of these exceptions on appeal. Defendants only argue that the trial court erred in trying the matter without resolving the exceptions and request remand. Based on the circumstances at issue in this matter, we find that defendants waived their peremptory exceptions and do not find the trial court was required to dispose of these exceptions prior to proceeding with the trial.[4]
DECREE
For the reasons stated more fully above, we affirm the trial court's July 16, 2018 Judgment in favor of plaintiff, Daniel J. Bernal, Jr. and against defendants, Crescent Foundation, L.L.C. and Paul C. Austin.
AFFIRMED

Plaintiff named Austin as a defendant in the petition for damages, alleged that he engaged in negligent and intentional tortious conduct against plaintiff and requested that the trial court enter a judgment against Austin awarding plaintiff damages.

The total amount of payments at a rate of $ 240.00 per week for three years (156 weeks) is $ 37,440.00.

With respect to the fees awarded as damages for the malicious prosecution claim, the trial court did not award attorney's fees incurred to litigate the lawsuit pending before this Court. Rather, the trial court awarded $ 2,500.00 for attorney's fees as damages incurred to defend against the underlying criminal theft charges. Attorney's fees incurred in a criminal proceeding are a proper item of compensatory damages in a subsequent suit for malicious prosecution. See Guillory v. City of New Orleans , 16-638 (La. App. 4 Cir. 8/2/17), 224 So.3d 1035, 1043, writ dismissed , 18-151 (La. 3/23/18), 238 So.3d 978 ; Ross v. Sheriff of Lafourche Parish , 479 So.2d 506, 513 (La. App. 1st Cir. 1985).

We are aware that La. C.C.P. art. 927(B) allows this Court to raise peremptory exceptions of no right or no cause of action on its own motion on appeal. However, we find no basis for either exception as the trial court did not award punitive damages or attorney's fees incurred to bring the current proceedings.