LEMMON, Judge.
Plaintiff, as co-settlor of an employee security trust, filed this suit to remove the *1234 trustee. He has now appealed from a judgment maintaining an exception of no right of action and dismissing his suit.
On June 1, 1971 Louisiana and Southern Life Insurance Company (L & S) and plaintiff, an insurance broker, executed a donation inter vivos of $10.00 in trust to a local bank. The instrument, attached to and made part of plaintiff’s petition, purported to establish a trust, with L & S and plaintiff as co-settlors, and stated that the purpose of the trust was to allow the purchase of group life, accident and health insurance from L & S by employees of employers in the sales industry when the employers became participants in the trust.[1] The instrument further provided:
“XI.
The Settlors reserve the right to remove the Trustee from office at any time by giving thirty-one (31) days’ notice in writing to the Trustee provided that all Employer-Participants are given notice of the Trustee’s removal and the appointment of any successor Trustee. The Set-tlors reserve the right to select and appoint any such successor Trustee.
sfc * 'M * ‡ *
“XIII.
Louisiana and Southern Life Insurance Company, acting alone and without the consent of the Co-Settlor Denis L. Hol-zhauser, d/b/a Greater New Orleans Brokerage Agency, shall have the exclusive right to amend, modify or revoke this trust at any time and to any extent said Louisiana and Southern Life Insurance Company deems it advisable or necessary except that no amendment, modification and revocation shall divert any part of the fund as then constituted for any purpose except those purposes set forth in Article X hereof.”
The bank subsequently resigned as trustee, and L & S and plaintiff appointed defendant as successor trustee on October 14, 1971. On the same day L & S and defendant entered into an agreement which provided that L & S would perform all administrative and ministerial functions with respect to the operations of the trust.
On October 20,1976 plaintiff filed a “Petition for a Declaratory Judgment and In-junctive Relief”, alleging that the agreement between L & S and defendant had been entered into without his knowledge; that defendant had never acted in the interest of the trust, or of its members, or in his interest as settlor, but for the sole interest of L & S; and that defendant had never performed his duties as trustee and had allowed “the Trust” and all of the files, records, assets and property of “the Trust” to be removed from the state. The petition prayed that “the Trust” and its property be returned; that an accounting be ordered; that defendant be required to post security; that defendant be removed as trustee; and that a declaratory judgment be rendered appointing a provisional trustee. Defendant filed exceptions of no cause of action and no right of action, the latter being maintained as noted above.
The exception of no cause of action questions whether the law affords a remedy to anyone for the particular grievance alleged. On the other hand, the exception of no right of action assumes that a valid cause of action is pleaded by the petition (and therefore assumes that the law affords a remedy to someone) and questions whether this particular plaintiff is a party to whom the law affords a remedy. C.C.P. art. 927; see also Babineaux v. Pernie-Bai-ley Drilling Co., 261 La. 1080, 262 So.2d 328 (1972) and the cases and law review articles cited therein.
The initial inquiry in the present case is the nature of the remedy sought. The petition essentially seeks removal of the trustee, although ancillary demands are also made for mandatory injunctive relief, such as orders for accounting and for the return of trust property. Therefore, if this con *1235 tract in fact establishes a trust, the issues as to these exceptions are whether the petition states a cause of action to remove the trustee and whether this plaintiff has a right to assert the cause of action.
R.S. 9:1789 provides that “(a) trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause shown”. Thus, the statute provides two methods of removing the trustee and the circumstances under which each method may be used.
The first method is in accordance with the provisions of the trust instrument, which by its express terms reserves this right to the settlors (plural). However, just as one settlor cannot alone select and appoint a successor trustee under Paragraph XI, one settlor alone cannot remove the present trustee by simple written notice under the same paragraph. The petition in this case does not allege the concurrence of the co-settlor and therefore does not state a cause of action for removal in accordance with the terms of the trust instrument.
The second method of removal is “for sufficient cause shown”. The petition alleges facts which constitute sufficient cause for removal and thus state a cause of action. However, this particular plaintiff does not have a right of action or interest in instituting suit for removal for cause.[2]
An action to remove a trustee for cause may be brought by anyone who has a specific financial interest in the trust. Bo-gert, Trusts and Trustees, § 522 (rev. 2d ed. 1978). A beneficiary is obviously a proper party to bring such an action. Arguably, a settlor who has the power to modify or revoke the trust has a specific financial interest and perhaps may bring an action to remove a trustee for cause. However, a settlor who has no right to amend, modify or revoke the trust (and who is not also a beneficiary or a trustee is virtually disinterested in the trust administration and has no specific financial interest and no right to invoke the remedy which the law extends to others with such an interest.
While plaintiff may have other rights under this or other contracts arising from his business association with L & S, he has no cause of action to remove the trustee under this contract and no right of action to do so for cause.
The judgment is affirmed.

AFFIRMED.

REDMANN, J., concurs and assigns reasons.

. Defendant’s brief informs us that the trust was designed to extend group rates to employers who had fewer employees than the minimum required under the Insurance Code for group rates by associating the employers and combining the numbers of their employees.

. If the trust instrument is silent as to removal of the trustee, or if the circumstances do not exist for removing the trustee in accordance with the provisions of the trust instrument, a trustee may still be removed for cause, but the party seeking removal must have sufficient interest in instituting the action.