STONE, J.
*1016 Appellant, Bette Adams Griffing, appeals the trial court judgment overruling her dilatory exception of improper use of summary proceedings. Appellant also appeals the trial court judgment ordering that the $58,994.05 returned to the estate of Wenona Nix Adams be evenly distributed among five heirs. For the following reasons, we amend the trial court judgment to vacate the distribution of the estate, and as amended, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On November 5, 2015, Wenona Nix Adams ("Adams") died intestate at a nursing home in Winnsboro, Louisiana. She is survived by five adult children. On August 22, 2016, Adams' daughter Beverly Adams Deumite ("Deumite") was appointed administrator of Adams' succession. The estate mainly consists of a joint checking account ("joint account") between Adams and her daughter Bette Adams Griffing ("Griffing") whom Adams granted a power of attorney prior to her death. After being appointed administrator, Deumite noticed multiple withdrawals from the joint account made by Griffing during the year and a half preceding Adams' death.
On October 4, 2016, Deumite filed a rule to show cause ("petition") requesting Griffing and her husband, John Griffing, Jr., be ordered to appear and show cause why certain funds withdrawn from the joint account should not be returned to Adams' estate pending a determination of the estate's assets and liabilities. On November 4, 2016, Griffing filed a dilatory exception of unauthorized use of summary proceedings alleging that since Deumite wanted the trial court to conclude who owned the monies from the joint account, summary proceedings were improper. Both the petition and the exception were set for a hearing on December 12, 2017. The trial court denied Griffing's exception and found portions of the funds withdrawn by Griffing from the joint account belonged to Adams' estate. The trial court stated it is "obvious [Griffing] used assets of the Estate of Ms. Adams for her personal expenses, and that [Griffing] had converted assets of Ms. Adams to her personal use and possession." The trial court ordered Griffing to return $58,994.05 to Deumite for inclusion in Adams' estate. Griffing now appeals.
DISCUSSION
Griffing first contends the trial court failed to rule on her dilatory exception of unauthorized use of summary proceedings. Alternatively, Griffing argues if the trial court did deny the exception, the ruling is incorrect because summary proceedings are not allowed unless specifically provided for in La. C. C. P. art. 2592, and determination of ownership of funds is not encompassed.
A dilatory exception is a procedural device to delay the progress of the action, not defeat it. La. C.C.P. art. 923. All objections that may be raised through the dilatory exception are waived unless pleaded therein. La. C. C. P. art. 926. See also Boyd v. Boyd , 499 So.2d 164 (La. App. 2 Cir. 1986). The exception must be tried before the trial of the case. La. C. C. P. art. 929(A). Even if he files a dilatory exception, the defendant must insist upon a hearing and ruling; failure to do so, or to object to going forward on the day of trial, is deemed a waiver of the exception. Steed v. St. Paul's United Methodist Church , 31,521 (La. App. 2 Cir. 02/24/99), 728 So.2d 931, and citations therein .
The record reveals the trial court, after apparently discussing the matter with counsel in chambers, overruled Griffing's exception in open court prior to the hearing *1017 on Deumite's rule to show cause. No hearing was held on the merits of Griffing's exception. Griffing neither insisted the trial court conduct a hearing on the exception prior to trial nor did she object to the trial court's overruling the exception. The exception is, therefore, deemed waived, and we shall not disturb the trial court's ruling on appeal. Steed , supra .
Next, Griffing contends the trial court abused its discretion and was clearly wrong when it mandated the monies transferred into the estate be equally distributed to Adams' 5 heirs. Griffing asserts Deumite's petition only requested the transfer "pending a determination of assets and liabilities of the estate," and the trial court's ruling to distribute the monies went beyond the pleadings.
Under the manifest error standard, the trial court's factual findings can be reversed only if the appellate court finds, based on the entire record, no reasonable factual basis for the factual finding and the trial court is clearly wrong. Baker v. PHC-Minden L.P. , 2014-2243 (La. 05/05/15), 167 So.3d 528. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings. Robinson v. Board of Supervisors , 2016-2145 (La. 06/29/17), 225 So.3d 424, 347 Ed. L. Rep. 1273. Where documents or objective evidence so contradict the witness' story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness' story, then the court of appeal may find manifest error or plain wrongness even in a finding based on credibility. But where such factors are not present, and the trial court's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Id. ; Rosell v. ESCO , 549 So.2d 840 (La. 1989).
La. Const. Art. 1, § 2, provides that no person shall be deprived of life, liberty, or property except by due process of law. The essentials of "due process of law" are notice and an opportunity to be heard and to defend in an orderly proceeding rules and principles established in our system adapted to the nature of the case. Havener v. Havener, 29,785 (La. App. 2 Cir. 08/20/97), 700 So.2d 533.
La. C. C. P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled. A court may not decide a controversy which the litigants have not regularly brought before it. Dupree v. Dupree, 41,572 (La. App. 2 Cir. 12/20/06), 948 So.2d 254 ; Havener, supra . The court may only grant relief warranted by the arguments contained in the pleading and the evidence. Dupree, supra. If the evidence is admissible on the issues properly pleaded, the pleadings are not enlarged by its admission. Havener, supra. A judgment rendered beyond the pleadings is a nullity. La. C.C.P art. 1154.
The petition filed by Deumite on October 4, 2016, requested the following relief:
* * * * * *
2) That Bette Adams Griffing and John Griffing, Jr. show cause why they should not be ordered to return all money to the succession pending a determination of assets and liabilities.
Deumite never amended her petition, either in writing or verbally in open court, to reflect that she wanted the court to determine what portions of the funds withdrawn from the joint account belonged to the estate and what portions belonged solely to Griffing. Griffing was only placed on notice that Deumite wanted the funds transferred into the estate pending a determination of ownership. Additionally, *1018 there was no evidence was presented at trial which expanded the petition to allow for a determination of who owned which portion of the funds. In fact, there is a paucity of evidence relating to where all the funds came from, what the expenditures were for, and how the money was spent. However, we note that, although Griffing does not raise the issue on appeal, the evidence does establish a reasonable basis for the money to be returned to Adams' estate until a proper accounting can be done to determine how the funds should be lawfully distributed. It appears the trial court, in a commendable effort to get the small succession concluded and the estate monies distributed to the five heirs, conflated the return of succession funds with the ultimate factual issue of how much Griffing spent out of the account in tending to Adams before her death. Since the trial court granted recovery not requested in the pleadings nor argued at trial, that portion of the judgment is a nullity and we amend the judgment to delete any reference to distribution of Adams' estate. La. C. C. P. art. 1154.
CONCLUSION
For the reasons stated above, we affirm the trial court's judgment overruling Griffing's dilatory exception of unauthorized use of summary proceedings. We affirm the trial court's judgment ordering the sum of $58,994.05 to be transferred to the estate of Wenona Nix Adams; however, we amend the judgment to vacate the portion ordering the administrator, Beverly Adams Deumite, to equitably distribute the net assets of the estate to its heirs. Costs are assessed equally between the parties.
AFFIRMED IN PART, AMENDED, AND AS AMENDED, AFFIRMED.