Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,105-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SUCCESSION OF
CLARENCE DONALD FOX

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. P-2022-3419

Honorable Alvin Rue Sharp, Judge

* * * * *

| | |
|---|---|
| BREITHAUPT, DUBOS, & WOLLESON, LLC By: R. Alan Breithaupt | Counsel for Appellants, Barbara Fox Rock and Marcus Joseph Gray |
| BREITHAUPT, DUBOS, & WOLLESON, LLC By: James R. Close | Counsel for Appellee, Succession of Clarence Donald Fox |
| LISKOW & LEWIS By: Shannon S. Holtzman | Counsel for Intervenor-Appellee, Michael Wayne Fox |
| DAVENPORT, FILES & KELLY, LLP By: W. David Hammett | |
| STEPHEN D. FOX | In Proper Person |

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**COX, J.**

This civil appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Alvin Sharp presiding. Following the filing of a notice of new successor trustee in August 2022, the district court granted a motion for partial summary judgment filed by Michael W. Fox which sought to have the notice declared null and void. Barbara Fox Rock and Marcus Gray (collectively, "Appellants") filed this appeal. For the following reasons, we affirm.

## FACTS

In January 2018, C.D. Fox (the "Decedent") and his wife, Irmgard, as co-settlors, established the Fox Family Irrevocable (Crummey Trust) (the "Trust"), with the Decedent serving as trustee. The Trust named Decedent's and Irmgard's four adult children, Michael, Christina W. Banda, Stephen D. Fox, and Barbara M. Rock Fox, as principals and income beneficiaries. The Trust named Michael as the successor trustee, followed by Stephen, and then one of the Decedent's grandsons, Michael G. Fox. Specifically, the Trust specified, in pertinent part:

> On the condition precedent that **CLARENCE DONALD FOX** dies, resigns, becomes incapacitated, or otherwise ceases to act as Trustee of this Trust, then **Dr. Dent MICHAEL WAYNE FOX** shall immediately become the Successor Trustee of this Trust in his place. The Trust shall file Notice of New Trustee in the Public Records of Ouachita Parish, Louisiana to signify the fact that the Trust has a new Trustee. Thereafter, on the condition precedent that both **CLARENCE DONALD FOX** and **Dr. Dent. MICHAEL WAYNE FOX** have died, resigned, become Incapacitated, or otherwise ceased to act as Trustee of this Trust, then **STEPHEN DONALD FOX** shall immediately become the Successor Trustee of this Trust in his place, The Trust shall file Notice of New Trustee in the Public Records of Ouachita Parish, Louisiana to signify the fact that the Trust has a new Trustee. . . (Emphasis added.)

Irmgard Fox died on February 3, 2018, leaving the Decedent as the sole settlor over the Trust.

Of note, the Decedent executed a will, originally dated May 28, 2003, which named Michael as the executor of the estate. On July 12, 2022, Decedent, in his capacity as trustee, executed a letter which purported to appoint Marcus Gray, another grandson of the Decedent, as the successor trustee. In particular, the letter provided, in part:

> . . . pursuant to Article VIII, Sections 1 and 2 of the Fox Family Irrevocable (Crummey Trust) Trust-Louisiana-I (hereinafter sometimes referred to as the "Trust"), which provides that I, Clarence Donald Fox, as Settlor of the Trust have the right to change the Trustee of the Trust and/or to appoint the Trustee's successor by written notification to the Trustee by Certified Mail, Return Receipt Requested or by Priority Mail, Delivery Confirmation at any time prior to the death of either of the Settlors of the Trust.
>
> Accordingly, please let this letter serve as written notification that I, Clarence Donald Fox, in my capacity as Settlor of the Trust do hereby make the following modifications to the Trust regarding the appointment of Successor Trustees, to wit:
>
> 1. CLARENCE DONALD FOX shall continue to serve as Trustee of the Trust;
>
> 2. On the condition precedent that CLARENCE DONALD FOX dies, resigns, becomes incapacitated, or otherwise ceases to act as Trustee of this Trust, then **MARCUS JOSEPH GRAY** shall immediately become the Successor Trustee of this Trust in his place. The Trust shall file a Notice of New Trustee in the Public Records of Ouachita Parish, Louisiana to signify the fact that the Trust has a new Trustee. . .(Emphasis added.)

"A Notice of New Successor Trustee and Successor Trustees Fox Family Irrevocable (Crummey Trust) Trust," dated August 9, 2022, reflecting the content of the letter, was filed into public record on August 16, 2022. The Decedent died on August 27, 2022, and on September 20, 2022, Barbara filed a petition to probate a second will signed by Decedent on July 6, 2022. The second will changed the disposition of the Decedent's estate and named

Barbara as the executrix of the estate, which she sought to be confirmed as by the district court.

On October 4, 2022, Michael filed an opposition to Barbara's petition to probate and appointment as executrix, as well as a petition in intervention, naming Barbara, Marcus, Christina, Stephen, and Rachael and Jordan Gray as defendants-in-intervention.[1] In his petition, Michael challenged the July 6, 2022, will, arguing that it was null and void because the Decedent lacked testamentary capacity to execute the will, and/or the will was procured by the "control, manipulation, misrepresentations, and undue influence," by one or more of the named defendants-in-intervention.

In his prayer for judgment, Michael asserted that the May 2003 will should be probated instead and that he should be confirmed as executor. Michael further prayed that the Notice of New Trustee be declared null and void and that he be named successor trustee in accordance with the terms of the Trust instrument.

On February 27, 2023, Appellants filed a dilatory exception of vagueness and motion to strike, generally asserting that the allegations of manipulation, control, and undue influence over the Decedent to secure benefits from the Trust were impermissibly vague as to the specific facts concerning how or when such actions occurred. A hearing on the matter was originally scheduled for March 23, 2023.

On July 5, 2023, Michael filed a motion for partial summary judgment wherein he asserted that the Notice of New Trustee was null and void as a matter of law because it violated the express terms of the Trust. Michael

---

[1] The opposition clarified that Marcus Gray and Rachael Gray are the Decedent's grandchildren, and Jordan Gray is the Decedent's great-grandson.

3

argued that the terms of the Trust explicitly restricted the authority of the co-settlors to appoint new successor trustees at any time "prior to" either of their deaths, such that the appointment of a new successor four years after Irmgard died, is null and void as a matter of law.

A hearing on the matter was originally set for August 9, 2023, but on July 24, 2023, Appellants filed a motion to reset the hearing. On August 1, 2023, Appellants filed two briefs in opposition to the motion for partial summary judgment. Appellants argued in general that the terms of the Trust authorized the Decedent, as co-settlor, to appoint a new successor trustee prior to his death. Specifically, Article VIII, Section 2 of the Trust expressly provides that "The Settlors expressly reserves [sic] the right to change the Trustee, and/or to appoint the Trustee's successor, by written notification to the Trustee at any time prior to the death of the Settlors."

Appellants maintained that this provision reflected the Settlors' intent to authorize either the Decedent or Irmgard the ability to change the trustee or successor trustees of the Trust during either of their lives. However, in the alternative, Appellants argued that at the very least, there exists a genuine issue of material fact regarding the Settlors' intent concerning the authority of either alone to change the trustee and successor trustees for the Trust following the death of either Settlor.

Appellants further argued that because Michael raised a novel issue regarding the language of the Trust, there was inadequate opportunity for discovery. Specifically, Appellants argued that although they made a diligent effort, they were unable to depose either Michael or Stephen, who were necessary to ascertain any relevant evidence or information regarding the intent of the Settlors and resolve discrepancies in written discovery

4

responses. Appellants filed another opposition brief on January 18, 2024, presenting arguments similar to those outlined in the August 1, 2023, brief.

Following a hearing on January 31, 2024, the district court granted Michael's motion, finding that the Notice of New Trustee was null and void, and ordered the trust books, records, and accounts be transferred to Michael as the new trustee in accordance with the terms of the Trust. The judgment specified:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that [the] Motion for Partial Summary Judgment Declaring the Notice of New Trustees to be Null and Void is GRANTED in favor of Intervenor, Michael Wayne Fox, and against Defendants-in-Intervention, Marcus Joseph Gray and Barbara Fox Rock, and the "Notice of New Trustee and Successor Trustees Fox Family Irrevocable (Crummey Trust) – Louisiana – I," filed in the public records maintained by the Ouachita Parish Clerk of Court's office at No. 1859844, Book 2710, Page 238, is hereby declared NULL and VOID.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT Defendants-in-Intervention, Marcus Joseph Gray and Barbara Fox Rock, are hereby ordered to accomplish the following within forty-five (45) working days after the date of this Judgment: take all steps necessary to transfer the books, records, and accounts of the Fox Family Trust to Michael W. Fox as Successor Trustee under the Fox Family Trust instrument. For purposes of this Judgment the Fox Family Trust means the Fox Family Irrevocable (Crummey Trust) Trust – Louisiana – I.

Appellants filed their notice of intent to seek supervisory review of this ruling and their request for stay of the proceedings and the effect of the judgment on February 20, 2024, with a supporting memorandum filed on February 26, 2024. Their request for a stay of the proceedings was granted, but the district court denied the stay for the execution of the judgment. Appellants also filed a motion for devolutive appeal, which was granted.

5

## DISCUSSION

Before this Court, Appellants cite four assignments of error for review, generally urging that the district court erred in granting Michael's motion for partial summary judgment.

### *Motion for Partial Summary Judgment*

By their first assignment of error, Appellants argue that the district court erred in granting the motion for partial summary judgment, in part, because the relief granted exceeded the scope of the pleadings. Specifically, Appellants argue that prior to his motion, Michael filed only one pleading, the petition in intervention of and opposition to Barbara's petition to probate.

Appellants maintain that the crux of Michael's petition was that the July 6, 2022, will should be declared null and void because the Decedent lacked testamentary capacity to execute the will, and that the Decedent's signature was procured by "control, manipulation, misrepresentations, and undue influence," and that the Decedent was "physically and mentally incapable of preparing and comprehending the Notice of New Trustee document." Appellants maintain that Fox failed to amend his petition to include any claims that the Decedent's appointment of new successor trustees was not authorized by the Trust.

Appellants acknowledge that La. C.C.P. art. 1151 permits post-trial or post-judgment amendment of pleadings to conform with the evidence "when issues not raised by the pleadings are tried by express or implied consent of the parties." However, Appellants argue that in this case, they timely and properly objected to Michael raising the issue of whether the provision of the Trust authorized the Decedent to appoint new successor trustees.

Appellate courts review summary judgments *de novo*, under the same criteria that govern the district court's consideration of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether mover is entitled to judgment as matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A).

Summary judgment shall be granted if the pleadings and supporting documents admitted for purposes of summary judgment show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874; *Saldana v. Larue Trucking, LLC*, 52,589 (La. App. 2 Cir. 4/10/19), 268 So. 3d 430, *writ denied*, 19-00994 (La. 10/1/19), 280 So. 3d 159.

While the movant bears the burden of proof for the motion, if the movant will not bear the burden at trial, then not all elements of the action need be negated. La. C.C.P. art. 966(D). In that case, the movant need only

7

show that the claimant lacks factual support for one or more elements of the claim, affirmatively establish the absence of a genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Id.*

Only when the movant has presented sufficient evidence that the motion should be granted does the burden shift to the nonmovant, who must show there exists factual evidence sufficient to meet the evidentiary burden at trial or that a genuine issue of material fact remains in dispute. La. C.C.P. art. 966(D); *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. If the nonmovant fails to produce sufficient evidence, then there is no genuine issue of material fact. La. C.C.P. art. 966(C). The opposing party may not rely on mere formal allegations or pro forma denials but must give specific facts in affidavits or show there is a genuine issue remaining. *Samaha v. Rau*, *supra*. The failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion for summary judgment. *Id*.

In its written judgment, the district court provided that the August 2022 Notice of New Trustee was null and void and declared that Michael was the new trustee under the provisions of the Trust instrument. Appellants maintain Michael failed to make any allegations or assertions which would give rise to the relief granted, and therefore, any issues regarding the matter are an absolute nullity. We disagree.

La. C. C. P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled. However, a court may not decide a controversy which the litigants have not regularly brought before it. *O'Reilly Automotive Stores, Inc. v. White*, 55,520 (La. App. 2 Cir. 4/10/24). 384 So. 3d 1194; *Dupree v.*

8

*Dupree*, 41,572 (La. App. 2 Cir. 12/20/06), 948 So. 2d 254. The court may only grant relief warranted by the arguments contained in the pleading and the evidence. *Id.; Dupree, supra.* In short, La. C. C. P. art. 862 does not permit a trial court to decide issues which litigants have not raised. *Id.*

La. C.C.P. art. 1154 permits expansion of pleadings to include issues not raised in pleadings; however, such expansion is only available when the issue is tried by the express or implied consent of the parties. A party is entitled to any relief available based on the facts pled, regardless of the specific relief requested. *Miller v. Thibeaux*, 14-1107 (La. 1/28/15), 159 So. 3d 426. A judgment rendered beyond the pleadings is a nullity. *Matter of Succession of Adams*, 51,914 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1014.

Moreover, this Court notes that the law takes a liberal approach toward allowing amended pleadings in order to promote the interests of justice. *Jackson v. Lowe's Home Centers, L.L.C.*, 51,537 (La. App. 2 Cr. 2/28/18), 243 So. 3d 1262, *citing*, *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291. Amendment of pleadings should be liberally allowed, provided the mover is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial of the issues will not be unduly delayed. *Id.*

In the present case, Michael, in his petition in intervention and opposition to Barbara's petition to probate, provided the following in his request for relief and judgment:

> The entry of a declaratory judgment declaring that the "Notice of New Trustee," a copy of which is attached as Exhibit C, is null, void, and rescinded, declaring that Michael Wayne Fox is the Trustee of the Fox Family Irrevocable (Crummy Trust) Trust, and declaring that the original Trust Instrument provisions regarding successor trustees are effective and controlling. . .

9

In this Court's de novo review, Michael not only raised the issue of whether he could be declared the successor trustee in accordance with the provisions of the Trust but also whether the Notice of New Trustee could be declared null and void in light of the Trust instrument. Because Michael specifically demanded this relief, the district court properly considered the matter in the subsequent motion for partial summary judgment and granted the relief in accordance with both the petition and the motion.

Although Appellants filed a dilatory exception of vagueness and motion to strike and an answer to Michael's petition, they failed to address this claim for relief. In the filing of Michael's petition, the issue was placed before the district court to address and was later argued by both Michael in his motion for partial summary judgment and by the Appellants in their two opposition briefs on the matter. Therefore, we cannot say that the district court granted relief beyond the scope of the petition, or that the district court even erred in considering the pleading expanded to encompass the issue.

### *Notice of New Trustees; Language of the Trust*

By their second assignment of error, Appellants assert that the district court erred in granting partial summary judgment because the Trust instrument expressly authorized the Decedent, as settlor, to appoint a new successor trustee at any time prior to his death. Appellants argue that Article VIII.2 of the Trust expressly reflects the intent of the settlors that either the Decedent or Irmgard was authorized to appoint a successor trustee at any time before the last settlor died. Article VIII.2 provides:

> The Settlors expressly reserves the right to change the Trustee, and/or to appoint the Trustee's successor, by written notification to the Trustee at any time prior to the death of the Settlors.

10

Appellants maintain that Article VIII.2 is the more specific provision, which controls in the general interpretation of written instruments, like trusts.

Appellants argue that Michael's reliance upon Article VIII.1 is misplaced. Appellants assert that VIII.2 only concerns the appointment of new trustees and successor trustees. In contrast, Appellants urge that Article VIII.1 provides a list of designated successor trustees and the protocol of appointment in the event of a vacancy; within this provision is the right of reservation of successor trustees. Article VIII.1, in pertinent part, provides:

> On the condition precedent that [Decedent] dies, resigns, becomes incapacitated, or otherwise ceases to act as Trustee of this Trust, then [Michael] shall immediately become the Successor Trustee of this Trust in his place. . . Thereafter, on the condition precedent that both [Decedent] and [Michael] have died, resigned, become incapacitated, or otherwise ceased to act as Trustee of this Trust, then [Stephen] shall immediately become the Successor Trustee of this Trust in his place. . . Thereafter, on the condition precedent that [Decedent] and [Michael] and [Stephen] have died, resigned, become incapacitated, or otherwise ceased to act as Trustee of this Trust, then [Michael G. Fox] shall immediately become the Successor Trustee of this Trust in his place. . .

> If the trusteeship of this Trust is or becomes vacant for any reason, the power to appoint a successor shall be exercisable by: [Decedent] for a period of Thirty (30) days; by [Irmgard] for a period of Thirty (30) days should [Decedent] for any reason fail to appoint a successor within his Thirty (30) day period; by [Michael] for a period of Thirty (30) days should [Decedent] and [Irmgard] for any reason fail to appoint a successor within their respective Thirty (30) day periods; by [Stephen] for a period of Thirty (30) days should [Decedent], [Irmgard], and [Michael], for any reason fail to appoint a successor within their respective Thirty (30) day periods; by [Michael G. Fox] for a period of Thirty (30) days should [Decedent], [Irmgard], [Michael], and [Stephen] for any reason fail to appoint a successor within their respective Thirty (30) day periods; and by a majority of the beneficiaries then alive, including any of the Settlors's grandchildren and great grandchildren then alive who have reached the age of majority, for a period of Thirty (30) days, should [Decedent], [Irmgard], [Michael], [Stephen], and [Michael], for any reason fail to

11

appoint a successor within their respective Thirty (30) day periods. . .

**The Settlors expressly reserve the right to change the Trustee, and/or to appoint the Trustee's Successor**, by written notification to the Trustee by Certified Mail, Return Receipt Requested or by Priority Mail, Delivery Confirmation, **at any time prior to the death of either of the Settlors**. . . (Emphasis added.)

Appellants argue that, at a minimum, both provisions are effective, and the Trust should be interpreted in a manner to sustain the effectiveness of both. According to the Appellants, the only interpretation which would accomplish this is that even after Irmgard died, the Decedent, alone, had the authority to appoint a new successor trustee prior to his death.

Alternatively, by their third assignment of error, Appellants argue that the intent of the settlors was expressed in the Notice of New Trustee in which the Decedent attested, "I have authority to modify the Trust as to its Successor Trustees pursuant to Article VIII. Sections 1 and 2 of the Trust" and no evidence was presented to controvert the declaration. However, Appellants assert that if a conflict exists between Article VIII.1 and Article VIII.2, this creates an ambiguity in the Trust which would render summary judgment an inappropriate avenue for resolution because a genuine issue of material fact exists as to whether either settlor had the ability to change the successor trustees of the Trust after the other died.

A trust is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. La. R.S. 9:1731. The provisions of the Louisiana Trust Code shall be accorded a liberal construction in favor of freedom of disposition. La. R.S. 9:1724. Whenever possible a trust instrument will be construed so as to uphold the validity of the trust and render the instrument

effective. *Grant v. Grant*, 35,635 (La. App. 2 Cir. 2/27/02), 810 So. 2d 1226. A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the instrument is susceptible of such an interpretation. La. R.S. 9:1753.

In construing a trust, the settlor's intention controls and is to be ascertained and given effect, unless opposed to law or public policy. *Grant, supra*. Inherent within the trust law is the concept of trust indestructibility and the protection of the trust instrument from any modification or termination contrary to the settlor's clearly expressed intent. *Richards v. Richards*, 408 So.2d 1209 (La. 1981). Therefore, in Louisiana, there is a strong public policy effectuating and protecting the settlor's intent as set forth in the trust document. *J-W Oper. Co. v. Olsen*, 48,756 (La. App. 2 Cir. 1/15/14), 130 So. 3d 1017, *writ denied*, 14-0313 (La. 4/11/14), 137 So. 3d 1217. However, under the scheme of the trust code, even the settlor generally has no power to modify the terms of the trust after its creation unless he expressly reserves the power to do so. La. R.S. 9:2021.

In the instant case, it is undisputed that the co-settlors, the Decedent and Irmgard, created an irrevocable trust, and within the trust is the express reservation to change the trustee and/or appoint a successor trustee. The pivotal issue in this regard is whether the provisions of the Trust permitted one co-settlor, *alone*, to modify and name the successor trustee in the event the other co-settlor died. The pertinent language of the two provisions bestowing this right are as follows:

Article VIII.1

. . .

> The **Settlors** expressly reserve the right to change the Trustee, and/or to appoint the Trustee's Successor, by written notification to the Trustee by Certified Mail, Return Receipt

13

Requested or by Priority Mail, Delivery Confirmation, at any time prior to the death of either of the Settlors. . . (Emphasis added.)

Article VIII.2
The **Settlors** expressly reserves the right to change the Trustee, and/or to appoint the Trustee's successor, by written notification to the Trustee **at any time prior to the death of the Settlors**. (Emphasis added.)

In consideration of the language of the two provisions, in light of the entirety of the Trust itself, this Court finds no ambiguity or conflict in the interpretation of either Article VIII.1 or Article VIII.2.

In *Holzhauser v. Fagan*, 363 So. 2d 1232 (La. App. 4 Cir. 1978), a decision rendered by our sister court, the Fourth Circuit found, in part, where one co-settlor of an irrevocable trust filed suit to remove the trustee, he lacked standing to do so. The instrument provided in relevant part:

XI.
The Settlors reserve the right to remove the Trustee from office at any time by giving thirty-one (31) days' notice in writing to the Trustee provided that all Employer-Participants are given notice of the Trustee's removal and the appointment of any successor Trustee. The Settlors reserve the right to select and appoint any such successor Trustee.

XIII.
Louisiana and Southern Life Insurance Company, acting alone and without the consent of the Co-Settlor Denis L. Holzhauser, d/b/a Greater New Orleans Brokerage Agency, shall have the exclusive right to amend, modify or revoke this trust at any time and to any extent said Louisiana and Southern Life Insurance Company deems it advisable or necessary except that no amendment, modification and revocation shall divert any part of the fund as then constituted for any purpose except those purposes set forth in Article X hereof.

The court noted that the trust, by its express terms, "reserves this right to the settlors (plural). However, just as one settlor cannot alone select and appoint a successor trustee under Paragraph XI, one settlor alone cannot remove the present trustee by simple written notice under the same paragraph. . ."

14

Likewise, a plain reading of the Trust instrument in the present case clearly provides that both the Decedent and Irmgard were referred to as the "Settlors" (*plural*) throughout the provisions of the trust. Specifically, the beginning of the Trust instrument provided:

> CLARENCE DONALD FOX and wife, IRMGARD ANNA MARIA GERDA LIESEL CHRISTINE FOX hereinafter called the ("Settlors"). . .

Under this clear language, *both* the Decedent and Irmgard are collectively referred to as Settlors (*plural*) throughout the Trust, so that their rights within the provisions of the Trust, insofar as they are identified as Settlors, are intrinsically tied together. Nowhere within the Trust instrument are the Settlors ever referred to or implied to be "Settlor(s)" so as to sever their rights individually regarding the right to appoint successor trustees.

There are several instances throughout the Trust in which the Decedent and Irmgard hold separate rights, and it is clearly identified. For example, within Article VIII.1, the provision specifies that if the trusteeship is vacant for any reason, then the power to appoint is exercisable first by the Decedent, alone, and then by Irmgard should the Decedent fail to act. The provisions in question address the rights of the Settlors together to name and appoint new successor trustees. However, even if Article VIII.2 is the more specific and clear provision as Appellants so urge, this provision too contemplates that it is the authority of **both** Settlors (*plural*) to name and appoint a new successor trustee.

We must interpret the words of the Trust in their usual, ordinary, or natural meaning, to maintain the intent of the settlors and maintain the Trust itself. Here, if either the Decedent or Irmgard intended to maintain this right in the absence of the other, the Trust would have reflected the singularity of

15

the right as in "Settlor(s)." However, nowhere in the Trust is this ever implied or stated, and this Court is not inclined to add additional meaning in either provision of the Trust where none exists. Moreover, "Settlors," as provided in the Trust, is not ambiguous considering the introductory designation for the Decedent and Irmgard at the beginning of the Trust.

Accordingly, we find that these assignments of error lack merit.

*Discovery*

By their final assignment of error, Appellants argue that they were not afforded adequate time and opportunity for discovery. Appellants assert that the full depositions of Michael and Stephen were required to resolve any discrepancies in the Trust and to determine the Decedent's intent. Appellants claim that despite diligent efforts to schedule depositions prior to the hearing for partial summary judgment, they were met with opposition. Without the full cooperation of all parties, Appellants assert that there was inadequate time to conduct a thorough discovery to respond to Michael's motion.

Under La. C.C.P. art. 966, a motion for summary judgment is appropriate only after "adequate discovery." However, it is not an abuse of the trial court's wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. It is within the trial court's discretion to render a summary judgment or require further discovery. *Baker v. Knapp*, 45,404 (La. App. 2 Cir. 6/23/10), 42 So. 3d 1044, *writ denied,* 10-2073 (La. 11/12/10), 49 So. 3d 895.

A defendant's motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The motion may be considered even before the parties have completed discovery. *Id.*; *Barron v. Webb*, 29,707 (La.

16

App. 2 Cir. 8/20/97), 698 So. 2d 727, *writ denied*, 97-2357 (La. 11/26/97), 703 So. 2d 651.  It is within the trial court's discretion to render a summary judgment, if appropriate, or to allow further discovery.  While parties should be given a fair opportunity to present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed.  *Id*.  The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact.  *Id*.

In this case, in their opposition to the motion for partial summary judgment, Appellants claimed that they had inadequate time for discovery because Michael raised a novel issue for the first time in his motion, and there was a need to depose Michael and Stephen should the district court find that any discrepancies existed in the Trust, and to ascertain the intent of the Decedent.  However, as previously noted, whether the Decedent had the authority, alone, to appoint a new successor trustee was not a new issue brought before the district court.  Moreover, additional discovery, in this case, would not change the outcome of the district court's decision.

The Settlors' (*plural*) intent can be clearly ascertained from the four corners of the Trust itself, and no ambiguity exists within either of the provisions of the Trust in this regard.  The very beginning of the Trust indicates that Settlors refers to *both* the Decedent and Irmgard, so there is no question as to the intent of either the Decedent or Irmgard that only both, as co-settlors, could appoint a new successor trustee before one or the other settlor died.  The Trust instrument is clear that both settlors had to act to appoint and name a new successor trustee.

17

This Court is sensitive to the needs of the parties in this case and understands the natural frustrations that may arise from sensitive familial dynamics, especially in light of the loss of a loved one. However, even in the absence of additional depositions, Appellants were able to respond and file two briefs in response to Michael's motion on the issue based on the language of the trust itself. Given this, we find that no additional discovery was required to ascertain intent when it is clearly reflected within the Trust.

We, therefore, find that the district court acted within its wide discretion in proceeding with the motion for summary judgment.

## CONCLUSION

For the reasons set forth above, we find that the partial summary judgment was properly granted, and we hereby affirm the district court's judgment. Costs are assessed to the Appellants.

**AFFIRMED.**